CÁtpwkti,',' J.
This case is here on a petition in error to reverse a judgment obtained" by the board of education of the city of Cleveland against'W. J._ Hayes & Sons for certain interests on bonds. '''""On' Noveinber 9th, 1889, W. J. Hayes & Sons inquired of the board of education of the city of Cleveland for information touching a proposed sale of bonds by said board. They *33 were furnished with a printed circular letter informing them that it would on December 2, 1889, receive sealed proposals for $190,000 of coupon bonds to be dated December 15, 1889, and latter stated also that no bid for less than par and accrued-interest to the date of delivery would be entertained. On December 2nd, the plaintiff in error bid, in writing, for the bonds, saying, “We will give you, par, the accrued interest to date, and premium of $929.” And at the bottom of the memorandum was this, $190,929, and interest to date.”
There was some complaint made by Hayes & Sons as to the form of the bonds, and there was some delay about the delivering of the bonds and they were not delivered until January 26, 1890, some forty-three days after the date of the isue borne by the bonds.
Hayes & Sons paid the $190,000, the par and $929 premium; and they refused to pay the interest for these forty-three days between the 15th of December, the date of the issue, and the 28th of January, the day of the delivery, amounting to $1,031.25. And the question involved in this case,- is, whether they are required by law to pay this interest that accrued between the date of the issue and the date of the delivery.
The bonds were made payable, as well as the interest on the same, in New York, and the bonds, undoubtedly, contemplated they would turned over to eastern parties, and the interest would paid on the bonds from the day of the issuing and the party bidding would, according to the statute, be required to pay back to the city interest between the days of the issuing and the days of delivery, some forty-three days in this case. • ' ■
The claim of W. J. Hayes & Sons is that their bid must not be understood to be a bid for interest from the date of the issue to the date of the delivery, but merely, as it states on its face, “the accrued interest to date.” ’ And the whole question narrows down as to whether this bid must be construed to mean a bid for accrued interest as claimed by the city, or, as claimed by Hayes & Sons, “only to date.”
In determining the meaning of this contract and construing it, three things only can be considered: The law; the call for bids; and the bid -itself.' ' . ' ' . -
The law is clear, that the person bidding must pay the *34 interest from the issue to the time of delivery. The bid is as specific as the law; it states, “no bid for less than par and accrued interest to the date of delivery will be entertained.”
Henderson & Quail, for Plaintiff in Error.
T. H. Hogsett, Beacon, Excell, Gage S'Carey, for Defendant.
Hayes & Sons had notice of the law; they knew the contents of the circular letter asking for bids, and they stated twice in the course of their bid that they would pay interest to date. Now the question is, what did they mean by “interest to date? They, undoubtedly, intended to confirm to the requirements of the law and to the requirements of the circular letter which they had received and for any other bid would avail them nothing whatever, as it would neither be responsive to the law nor to the proposal for bids.
It seems to us that the only reasonable interpretation of this contract is, that W. J. Hayes & Sons intended to bid for interest from the time of issue to the time of delivery. This construction of the contract brings us to the conclusion that the judgment below was correct, and it is affirmed.